UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

     Plaintiff,

                                No. 22-cv-11834

v

                                HON. DAVID M. LAWSON

DANA NESSEL, individually and in
official capacity as attorney General     MAG. KIMBERLY G. ALTMAN
of the State of Michigan,

     Defendant.

Keith Altman (P81702)
The Law Office of Keith Altman
Attorney for Plaintiff
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com

Bryan W. Beach (P69681)
Kimberly K. Pendrick (P60348)
Attorneys for Defendant
Michigan Department of Attorney General
Civil Rights & Elections Division
P. O. Box 30736
Lansing MI 48909
(517) 335-7659
beachb@michigan.gov
pendrickk@michigan.gov
_____/

## DEFENDANT ATTORNEY GENERAL DANA NESSEL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Attorney General Dana Nessel moves for the dismissal of Plaintiff Temujin Kensu's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for the reasons that this court lacks jurisdiction; Attorney General Nessel is entitled to prosecutorial immunity; and Plaintiff has failed to state a claim for which relief may be granted.

For these reasons and the reasons stated more fully in the accompanying brief in support, Defendant Attorney General Dana Nessel respectfully request that this Honorable Court enter an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), in addition to any other relief this court deems just and equitable under the circumstances, including an award for costs and fees incurred in defense of this groundless action.

Despite reasonable efforts, the movant was unable to conduct a conference seeking concurrence.  On September 1, 2022, counsel for Defendant attempted to directly contact Plaintiff by email specifying that concurrence was being sought pursuant to E.D. Mich. LR 7.1(a). Concurrence was not granted.

Respectfully submitted,

Attorney General

_s/Bryan W. Beach_
Bryan W. Beach (P69681)
Kimberly K. Pendrick (P60348)
Assistant Attorney General
Attorney for Defendant Nessel
P.O. Box 30736
Lansing, MI 48909
517.335.7659
beachb@michigan.gov
penderickk@michigan.gov

Dated: September 2, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, I electronically filed

the above document(s) with the Clerk of the Court using the ECF

System, which will provide electronic copies to counsel of record.

_s/Bryan W. Beach_
Bryan W. Beach (P69681)
Assistant Attorney General

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

     Plaintiff,

                                     No. 22-cv-11834

v

                                     HON. DAVID M. LAWSON

DANA NESSEL, individually and in
official capacity as attorney General         MAG. KIMBERLY G. ALTMAN
of the State of Michigan,

     Defendant.

Keith Altman (P81702)
Attorney for Plaintiff
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
keithaltman@kaltmanlaw.com

Bryan W. Beach (P69681
Kimberly K. Pendrick (P60348)
Attorneys for Defendant
Michigan Department of Attorney General
Civil Rights & Elections Division
P. O. Box 30736
Lansing MI 48909
(517) 335-7659
beachb@michigan.gov
pendrickk@michigan.gov
_____/

**BRIEF IN SUPPORT OF DEFENDANT ATTORNEY GENERAL
DANA NESSEL'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

# TABLE OF CONTENTS

Page

Certificate of Service ........................................................................3

Table of Contents..............................................................................i

Index of Authorities........................................................................ iii

Concise Statement of Issues Presented......................................vi

Controlling or Most Appropriate Authority ............................vi

Introduction and Statement of Facts........................................1

    A.    Relevant Facts......................................................1

    B.    Plaintiff's claims..................................................3

Standard of Review ........................................................................4

Argument ...........................................................................................6

II.   Attorney General Dana Nessel is entitled to immunity
against Plaintiff's claims.........................................................6

    A.    All claims are barred by absolute prosecutorial
immunity. ...............................................................6

    B.    Plaintiff's state law claims are barred by the Eleventh
Amendment. ...........................................................8

III.  Plaintiff's due process claims in Counts I and III should be
dismissed. ..............................................................................9

    A.    Plaintiff's Fourteenth Amendment procedural due
process claim should be dismissed because Plaintiff has
failed to plead the necessary facts to sustain the claim
under § 1983. ........................................................10

    B.    Plaintiff's Fourteenth Amendment substantive due
process claims should be dismissed because Plaintiff

i

failed to plead the necessary facts to sustain the claim under § 1983. ...........................................................11

    1.    Plaintiff has not pleaded sufficient personal involvement on the part of Attorney General Nessel to state a claim under § 1983. ..........................12

    2.    Plaintiff does not plead any violations of his fundamental rights involving Attorney General Nessel. .........................................................................14

IV.    Plaintiff is unable to prove a breach of contract under Michigan law. ....................................................................15

V.    Neither the Federal Funding Accountability and Transparency Act or Mich. Comp. Laws § 770.16 provide for a right of action...............................................................17

VI.    Plaintiff's complaint fails to include allegations stating a viable claim against Attorney General Nessel.............................19

Conclusion and Relief Requested..............................................21

Certificate of Service ...............................................................22

# INDEX OF AUTHORITIES

Page

**Cases**

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242
(11th Cir. 2005)....................................................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662, (2009) ....................................4, 5, 13, 19

*Bank of Am., N.A. v. First Am. Title Ins.*, 878 N.W.2d 816 (Mich.
2016)......................................................................................................15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................5, 6, 19

*Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002)............................8

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ..........................................7

*Burns v. Reed*, 500 U.S. 478 (1991) ..........................................................7

*Cady v. Arenac County*, 574 F.3d 334 (6th Cir. 2009) ..............................7

*Cooper v. Parrish,* 203 F.3d 937 (6th Cir. 2002) ......................................8

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998)..............................14

*Crabbs v. Scott*, 786 F.3d 426 (6th Cir. 2015) ..........................................9

*Doe v. Wigginton,* 21 F.3d 733 (6th Cir. 1994) ........................................12

*Dohaish v. Tooley*, 670 F.2d 934 (10th Cir. 1982) ....................................6

*Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)............................................9

*Greene v. Barber,* 310 F.3d, 889 (6th Cir. 2002)......................................13

*Grinter v. Knight,* 532 F.3d 567 (6th Cir. 2008)......................................13

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999), *cert. denied*, 529
U.S. 1020 (2000) ..................................................................................10

*Harris v. City of Akron*, 20 F.3d 1396 (6th Cir. 1994)............................12

*Howell v. Sanders*, 668 F.3d 344 (6th Cir. 2012) .....................................7

*Imbler v. Pachtman*, 424 U.S. 409 (1976)..............................................6, 7

*Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1995), cert denied, 522
  U.S. 996 (1997) ....................................................................................6, 7

*Kamalnath v. Mercy Mem Hosp Corp,* 194 Mich App 543; 487
  NW2d 499 (1992) ...................................................................................16

*Kloian v. Domino's Pizza LLC*, 273 Mich App 449; 733 NW2d 766
  (2006)......................................................................................................16

*Lanier v. Bryant,* 332 F.3d 999 (6th Cir. 2003) .......................................13

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404 (6th Cir. 2002) ..............10

*Michigan Southern RR Co. v. Branch & St Joseph Counties Rail
  Users Ass'n Inc.*, 287 F.3d 568 (6th Cir. 2002) .......................................4

*Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266 (6th
  Cir. 1990) ..................................................................................................4

*Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658 (1978).....12

*Northampton Rest. Group, Inc. v. First Merit Bank, N.A.*, 492 F.
  App'x 518 (6th Cir. 2012) ......................................................................15

*Paul v. Davis*, 424 U.S. 693 (1976) .........................................................14

*Pennhurst Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).....................9

*Quality Products & Concepts Co v. Nagel Precision, Inc*, 469 Mich
  362; 666 NW2d 251 (2003) ....................................................................16

*Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999) ....................................12

*Turack v. Guido*, 464 F.2d 535 (3rd Cir. 1972) .........................................6

*United States v. Gaubert*, 499 U.S. 315 (1991)..........................................4

*Washington v. Glucksberg*, 521 U.S. 702 (1997) ....................................... 12

*Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815 (6th Cir. 1999) ............................................................................................ 15

*Wells v. Brown et al*, 891 F.2d 591 (6th Cir. 1989) ................................ 19

## Statutes

28 U.S.C. § 1983 ............................................................................................ 3

42 U.S.C. § 1983 ................................................................................... 12, 13

Mich. Comp. Laws § 770.16 ....................................................... 3, 17, 18

Mich. Comp. Laws § 770.16(1) ............................................................ 18

## Rules

Fed. R. Civ. P. 12(b)(1) ..................................................................... 4, 21

Fed. R. Civ. P. 12(b)(6) ................................................................ 4, 11, 21

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Does prosecutorial immunity and the Eleventh Amendment bar Plaintiff's claims against Attorney General Nessel?

2.  Should the Court dismiss Plaintiff's due process claim against Attorney General Nessel where Plaintiff has (a) failed to allege a deprivation of a protected interest under the Due Process Clause; and (b) failed to allege sufficient personal involvement of Dana Nessel to state a valid § 1983 claim under the Fourteenth Amendment?

3.  Must Plaintiff's claims be dismissed where the law does not provide for a cause of action?

4.  Must Plaintiff's complaint be dismissed where Plaintiff has failed to include allegations stating a viable claim against Attorney General Nessel?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

_Authority_:  [Type most appropriate authority here]

vi

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff, Temujin Kensu, filed this lawsuit seeking injunctive relief from Defendant Attorney General Dana Nessel based on the denial of an application submitted to the Michigan Department of Attorney General's Conviction Integrity Unit (CIU).[1]  The CIU investigates claims of innocence to determine whether there is clear and convincing new evidence that the convicted defendant was not the person who committed the offense.

But Plaintiff's claims are wholly without merit, and this lawsuit should be dismissed.

### A.    Relevant Facts

The following facts relevant to this motion are drawn from Plaintiff's complaint.  While Attorney General Nessel is not in a position

---

[1] Plaintiff, to date, has not properly served Attorney General Nessel with this lawsuit.  Plaintiff's Proof of Service only lists that he served a Jane Doe, who he claims was designated by law to accept service.  (ECF No. 4, PageID.32.)  The Department of Attorney General's website notes that "[o]nly certain attorneys within [the department] are authorized to accept service of process on the Attorney General or the Department."  See https://www.michigan.gov/ag/ag-contact-irectory.  No counsel for the Department of Attorney General was served with process of this lawsuit.  While Plaintiff still has time to perfect service, Defendant is preserving any future arguments for dismissal regarding failure to properly serve the complaint.

to confirm the veracity and completeness of the facts alleged, she will rely upon them for purposes of this motion only.

Plaintiff is a prisoner that is currently confined to the Michigan Department of Corrections' Macomb Correctional Facility.  (ECF No. 1, ¶2, PageID.2.)  This case involves or stems from an application that was submitted to the CIU.  (*Id.* ¶16, PageID.4.)  The CIU was established as a matter of policy by the Michigan Department of Attorney General in 2019 to investigate claims of innocence.  (Id., ¶9, PageID.3.)  There is no statutory requirement for a CIU within the Department.  Plaintiff's application to the CIU was denied.  (*Id.*, ¶12, PageID.3.)

Plaintiff does not allege specifically what Attorney General Nessel has personally done other than having established the CIU.  (*Id.*) Rather, the basis for Plaintiff's claims is that Attorney General Nessel failed to act by not requesting a new trial or dismissal of criminal charges based upon the CIU's investigation of Plaintiff's application. (*Id.*, ¶¶ 66-70, PageID.18.)  In other words, Plaintiff is suing Attorney General Nessel because he believes that she had a duty to "exonerate" him.  (*Id.*, ¶21, PageID.4.)

2

## B.    Plaintiff's claims

Plaintiff states at the outset that all his claims arise pursuant to

28 U.S.C. § 1983.  But his complaint consists of what appear to be four

separate counts:

- Count I alleges a "deprivation of rights" under 28 U.S.C. § 1983. (ECF No.1, PageID.18.)  Plaintiff later clarifies he is alleging that "Defendant violated Plaintiff's right to due process under the Fourteenth Amendment."  (*Id.*, ¶2, PageID.21.)

- Count II alleges a state law claim for breach of contract.  (*Id.*, PageID.22.)

- Count III is styled as raising claims pursuant to the Federal Funding Accountability and Transparency Act of 2006—Public Law 109-282 (FFATA).  However, Plaintiff appears to later clarify that he is again alleging a violation of due process under the Fourteenth Amendment. (*Id.*, PageID.24.)

- Count IV raises state law claims under Mich. Comp. Laws § 770.16 regarding DNA testing. (*Id.*, PageID.26.)

Plaintiff is requesting the same relief in all four counts: (a) an

injunction prohibiting Defendant's wrongful actions and (b) all costs

sustained in connection with the prosecution of this action, including

attorneys' fees. (*Id.*, Page ID.22, 24, 26, 28.)

3

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) allows dismissal for lack of jurisdiction over the subject matter.  Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or in a motion.  *Id.*  "Where subject matter jurisdiction is challenged, the plaintiff has the burden of providing jurisdiction in order to survive the motion."  *Michigan Southern RR Co. v. Branch & St Joseph Counties Rail Users Ass'n Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

In a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the allegations of the plaintiff's complaint and then determine whether the statements are sufficient to make out a right of relief.  *United States v. Gaubert*, 499 U.S. 315 ___ (1991).  However, although it must accept well-pleaded facts as true, the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, ___ (2009).  In evaluating the sufficiency of a plaintiff's pleadings, the Court may make reasonable inferences in Plaintiff's favor, "but [the Court is] not required to draw plaintiff's inference."  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*,

416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, conclusory allegations

are "not entitled to be assumed true."  *Iqbal*, 556 U.S. at 694.

A complaint may be dismissed if the facts as pleaded do not state

a claim for relief that is plausible on its face.  See *Iqbal*, 556 U.S. at 679,

129 S. Ct. at 1950 (explaining "only a complaint that states a plausible

claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it

appears beyond doubt that the plaintiff can prove no set of facts"

standard).  In *Twombly,* the Supreme Court emphasized a complaint

"requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at

555.  Factual allegations in a complaint need not be detailed but "must

be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if

doubtful in fact)."  *Id.*  (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Rule 8 of the

Federal Rules of Civil Procedure does not require detailed factual

allegations, it does demand "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

complaint must state a plausible claim for relief, and "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. The mere possibility the defendant

acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The

well-pleaded allegations must nudge the claim "across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570.

## ARGUMENT

## II.    Attorney General Dana Nessel is entitled to immunity against Plaintiff's claims.

### A.    All claims are barred by absolute prosecutorial immunity.

It is well established that state prosecutors are absolutely immune

from civil liability when acting within the scope of their prosecutorial

duties. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Ireland v. Tunis*,

113 F.3d 1435, 1443 (6th Cir. 1995), cert denied, 522 U.S. 996 (1997). A

prosecutor is absolutely immune from civil suit based on a decision not

to prosecute or to terminate a prosecution. *Dohaish v. Tooley*, 670 F.2d

934 (10th Cir. 1982); *Turack v. Guido*, 464 F.2d 535 (3rd Cir. 1972).

The U.S. Supreme Court employs a "functional approach" to determine

whether a prosecutor acted within the scope of his or her prosecutorial duties to which absolute immunity attaches, or whether he or she acted in an administrative function - e.g., offering legal advice or directing an investigation, which lie beyond such immunity's protections. *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991), and *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).)  The critical inquiry regards "how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Ireland*, 113 F.3d at 1443.  Advocacy is the distinguishing factor between those functions integral to the judicial phase of the criminal process and those which are essentially administrative or investigative in nature, and absolute prosecutorial immunity applies in matters where a prosecutor acts as an advocate for the State, advancing the State's interests in the prosecution. *Cady v. Arenac County*, 574 F.3d 334, 340 (6th Cir. 2009).  Accordingly, a prosecutor may bring and litigate criminal charges with absolute immunity, even if the prosecutor acts with malice and without probable cause. *Buckley*, 509 U.S. at 274, n 5; *Imbler*, 424 U.S. at 427.

Here, Dana Nessel is the Attorney General for the State of Michigan. (ECF No. 1, ¶ 3, PageID.2.)  And it appears—based on the complaint—that the primary basis for Plaintiff's claims is that Attorney General Nessel, in her capacity as a prosecutor, did not request a new trial or dismiss criminal charges.  (*Id.*, ¶¶ 71, 89-90, 101, 109, PageID.18-28.)  Prosecutorial immunity extends to those activities that occur in the prosecutor's role as advocate for the government.  *Cooper v. Parrish,* 203 F.3d 937, 947 (6th Cir. 2002).  Therefore, Attorney General Nessel is absolutely immune based on her alleged decision not to request a new trial for Plaintiff or agree to vacate his conviction.  See, *Blakely v. United States,* 276 F.3d 853, 871 (6th Cir. 2002) (prosecutor's decision not to agree to vacate a civil forfeiture judgment is in the nature of advocacy rather than administrative conduct and is covered by the absolute immunity doctrine.)  For these reasons, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

### B.    Plaintiff's state law claims are barred by the Eleventh Amendment.

In both Counts II (breach of contract) and IV (Michigan DNA statute), Plaintiff brings strictly state law claims against Attorney

General Nessel.  But Eleventh Amendment sovereign immunity

prohibits all state-law claims filed against a State in federal court,

whether those claims are monetary or injunctive in nature.  *Ernst v.

Rising*, 427 F.3d 351, 368 (6th Cir. 2005).  Sovereign immunity for state

governments is "firmly enshrined in our constitutional framework and

shields the States from private lawsuits absent their consent or

permissible abrogation by Congress."  *Crabbs v. Scott*, 786 F.3d 426,

428-29 (6th Cir. 2015).  State governments and state officers in their

official capacities are entitled to sovereign immunity for claims brought

in federal court under state law.  See *Pennhurst Sch. & Hosp. v.

Halderman*, 465 U.S. 89, 103-121 (1984).  Thus, the Eleventh

Amendment bars Plaintiff's breach of contract and state law DNA

testing claims (Counts II & IV) against Attorney General Nessel in her

official capacity.

## III.   Plaintiff's due process claims in Counts I and III should be dismissed.

Plaintiff alleges two causes of action under Section 1983.  Counts I

and III mirror each other by alleging that Attorney General Nessel

violated Plaintiff's due process under the Fourteenth Amendment,

albeit under different theories.  Count I relies on an alleged failure to

act pursuant to CIU protocols, a National Institute of Justice grant, her

oath of office, and the Michigan Rules of Professional Responsibility.

Count III refers to an alleged failure to adhere to the Federal Funding

Accountability and Transparency Act (FFATA).  It is also not entirely

clear from Plaintiff's complaint whether he is alleging a procedural or

substantive due process violation.  Nevertheless, his claim fails in

either regard.

### A.  Plaintiff's Fourteenth Amendment procedural due process claim should be dismissed because Plaintiff has failed to plead the necessary facts to sustain the claim under § 1983.

To establish a violation of the Due Process Clause of the

Fourteenth Amendment, a plaintiff must prove three elements:

> (1) that they have a life, liberty, or property interest
> protected by the Due Process Clause of the Fourteenth
> Amendment . . ., (2) that they were deprived of this protected
> interest within the meaning of the Due Process Clause, and
> (3) that the state did not afford them adequate procedural
> rights prior to depriving them of their protected interest.

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002)

(quoting *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999), *cert. denied*,

529 U.S. 1020 (2000).)

Here, Plaintiff does not allege any facts to support claims that

Attorney General Nessel had anything to do with an alleged procedural

due process violation.  Plaintiff alleges after the CIU reviewed his

application and produced a recommendation, that Attorney General

Nessel "had a duty to take appropriate remedial action, including

requests for a new trial and dismissal of criminal charges."  (ECF No.1,

¶71, PageID.18.)  But nowhere does Plaintiff allege that he was denied

access to the CIU program or that his application was not investigated.

Nor are there any alleged actions taken by Attorney General Nessel

outside of her official capacity as a prosecutor.  Since Plaintiff has failed

to allege a valid claim, this Court should dismiss under Fed. R. Civ.

P. 12(b)(6).

> **B.    Plaintiff's Fourteenth Amendment substantive due process claims should be dismissed because Plaintiff failed to plead the necessary facts to sustain the claim under § 1983.**

Plaintiff does not allege a violation of a fundamental right—or

enough personal involvement of Attorney General Nessel—to support a

substantive due process claim.  To state such a claim, a plaintiff must

allege that: (1) he was deprived of a right, privilege, or immunity

secured by the Federal Constitution or the laws of the United States;

and (2) the deprivation was caused by a person while acting under color of state law. *Doe v. Wigginton,* 21 F.3d 733, 738 (6th Cir. 1994). Fundamental rights include the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, and to bodily integrity. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

The Sixth Circuit recognizes two types of substantive due process violations: "(1) official acts that are unreasonable and arbitrary and may not take place no matter what procedural protections accompany them, and (2) official conduct that 'shocks the conscience.'" *Harris v. City of Akron*, 20 F.3d 1396, 1405 (6th Cir. 1994) (internal citations and quotation marks omitted). "Actions meet this high standard if they are an egregious abuse of governmental power." *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999).

### 1. Plaintiff has not pleaded sufficient personal involvement on the part of Attorney General Nessel to state a claim under § 1983.

It is well established that liability in a 42 U.S.C. § 1983 action cannot be based on a theory of *respondeat superior. See Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). In other

words, to recover under § 1983, a plaintiff must establish a defendant's *personal responsibility* for the claimed deprivation of a constitutional right. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal,* 556 U.S. at676. The acts of one's subordinates are not enough; nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber,* 310 F.3d, 889, 899 (6th Cir. 2002). Furthermore, conclusory, unsupported allegations are insufficient to state a claim under § 1983. *See Lanier v. Bryant,* 332 F.3d 999, 1007 (6th Cir. 2003).

As stated above, because this action is brought against an individual under § 1983, Plaintiff must demonstrate *personal* involvement on the part of Attorney General Nessel. But the only specific allegations attributable to the Attorney General is that she created the CIU. The remainder of the allegations involve acts that Plaintiff believes should have been performed but were not. The failure to request a new trial or "exonerate" Plaintiff—as a matter of law—do not create a cause of action under § 1983. Because no personal actions

on the part of Attorney General Nessel have been identified by the Plaintiff as causing a deprivation of rights, Counts I and III must be dismissed as insufficient to state a claim upon which relief can be granted.

> **2.  Plaintiff does not plead any violations of his fundamental rights involving Attorney General Nessel.**

Just because Plaintiff alleges a state violation does not mean the Fourteenth Amendment is implicated—the United States Constitution must guarantee the right as "implicit in the concept of ordered liberty." *Paul v. Davis*, 424 U.S. 693, 713 (1976).  Therefore, to the extent that Plaintiff is asserting a violation of a fundamental right protected by the substantive due process component of the Fourteenth Amendment, this assertion deviates from the law.

Plaintiff also fails to allege any conduct by Attorney General Nessel that could be viewed as "shocking the conscience."  To pass this test, the conduct must be so egregious as to violate society's ideas of decency and fair play.  *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).  Here, Plaintiff only alleges that Attorney General Nessel failed to act in the manner in which he would prefer, i.e., to request a

14

new trial or dismiss the charges against him.  For these reasons,

Plaintiff has failed to state a viable § 1983 substantive due process

claim.

## IV.   Plaintiff is unable to prove a breach of contract under Michigan law.

Even if Plaintiff were permitted to proceed with his breach of

contract claim in Count II, he cannot meet his burden under Michigan

law.  To prove a breach of contract claim, the plaintiff must

demonstrate that there was a contract between the parties requiring

the performance of specific actions, one party breached the contract,

and the breach caused injury to the other party.  *Bank of Am., N.A. v.*

*First Am. Title Ins.*, 878 N.W.2d 816, 829 (Mich. 2016); see also *Webster*

*v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999).

Here, Plaintiff's is not able to meet these conditions for multiple

reasons.

First, it is a basic tenant of contract law that a party can only

advance a claim of breach of written contract by identifying and

presenting the actual terms of the contract allegedly breached.

*Northampton Rest. Group, Inc. v. First Merit Bank, N.A.*, 492 F. App'x

518, 521 (6th Cir. 2012).  But the alleged contract in this case—

15

Plaintiff's application to the CIU—is not attached to the complaint.  Nor does the complaint include the language of the specific contractual provisions that have been allegedly breached.  This failing alone should be fatal to Plaintiff's claim.

Second, Plaintiffs have the burden to show that a contract exists in order for the contract to be enforced, because "the court cannot make a contract for the parties when none exists." *Kamalnath v. Mercy Mem Hosp Corp,* 194 Mich App 543, 549; 487 NW2d 499, 503 (1992).  By its very nature, Plaintiff's *application* to the CIU is not a contract.  It is a request to which there are obviously a range of possible outcomes, including the possibility that it would be denied.

Finally, a contract requires mutual assent or a meeting of the minds on all the essential terms.  *Kloian v. Domino's Pizza LLC*, 273 Mich App 449, 453; 733 NW2d 766, 770 (2006).  "Where mutual assent does not exist, a contract does not exist." *Quality Products & Concepts Co v. Nagel Precision, Inc*, 469 Mich 362, 372-373; 666 NW2d 251, 258 (2003).  The complaint does not allege that anyone agreed to take remedial action to request a new trial or dismissal of criminal charges in exchange for Plaintiff submitting an application.  In fact, such a

16

notion runs contrary to the stated purpose of the CIU which is to *investigate* claims to determine *if* there is new evidence. (ECF No.1, ¶22, PageID.4-5.)  For these reasons, by law, Plaintiff's application was not a contract, so his breach of contract claim must fail.

## V.   Neither the Federal Funding Accountability and Transparency Act or Mich. Comp. Laws § 770.16 provide for a right of action.

In Counts III and IV, Plaintiff appears to raise statutory claims under federal and state law.  Even if these claims were not barred by immunity, they would still fail because neither law provides for a private right of action of this nature.

As explained above, Count III purports to bring claims pursuant to the FFATA.  Signed into law in 2006, the FFATA requires that the federal Office of Management and Budget (OMB) create a searchable, no-cost, publicly accessible website for each federal award of $30,000 or more; which includes basic information about the recipient and the project being funded.[2]  The FFATA was later amended by the Government Funding Transparency Act of 2008 (Public Law 110-252)

---

[2] See, FFATA FAQs, available at https://www.hrsa.gov/grants/ffata/faqs. (accessed August 17, 2022.) update date

requiring recipients to report certain information about themselves and their first-tier subrecipients for awards obligated as of October 1, 2010. But nowhere in either the FFATA or its subsequent amendment did congress provide for a private right of action for citizens based on alleged violations of this act. Furthermore, it is entirely unclear what relationship the FFATA has to any of the allegations in this case. Attorney General Nessel has no relationship to the OMB and there are no allegations that she in any way failed to report information regarding any awards. For these reasons, Count III should be dismissed for failure to state a claim.

Similarly, Count IV is brought pursuant to Mich. Comp. Laws § 770.16. But this state statute only provides for the ability of a defendant serving a prison sentence to petition the circuit court to order DNA testing and/or a new trial. Mich. Comp. Laws § 770.16(1). And nowhere does it provide the ability to file a civil action against the Attorney General, or any other state officials. Finally, it is wholly unclear what Plaintiff's ability to pursue DNA testing has to do with the CIU, Attorney General Nessel, or any of the allegations in this

lawsuit.  For these reasons, and those previously explained, Count IV

should be dismissed.

## VI.   Plaintiff's complaint fails to include allegations stating a viable claim against Attorney General Nessel.

*Pro se* pleadings must be construed liberally by the Court.  See

*Haines*, 404 U.S. at 520.  However, although *pro se* litigants are

afforded some leniencies, courts are not required to conjure unstated

allegations or guess the plaintiff's claims.  See e.g., *Wells v. Brown et.*

*al.*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).  A complaint

must contain a short and plain statement of the claim showing that the

pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Detailed factual

allegations are not required, but the Rule does call for sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its

face.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  The plaintiff's

obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do.  *Twombly*, 550 U.S. at 555.

The pleading must contain something more than a statement of facts

that merely creates a suspicion of a legally cognizable right of action on

the assumption that all the allegations in the complaint are true. *Id.*
Here, Plaintiff has failed to meet even these minimal standards.

Even if Plaintiff's claims in this case were permitted by law, the
complaint is rife with conclusory allegations. Plaintiff has not pleaded
a particularized factual basis to support claims against Attorney
General Nessel. Plaintiff mentions Attorney General Nessel at the
outset of the Complaint and states that she "is commissioned with
carrying out the responsibilities and duties of the CIU." (ECF No. 1, ¶3,
PageID.2.). But nowhere else is she mentioned specifically by name. It
is also unclear based upon the wording of the specific allegations exactly
what Attorney General Nessel is alleged to have done or why she would
be involved in specific actions as alleged. Rather, the only thing clearly
alleged is what Attorney General Nessel did *not* do, i.e., exonerate
Plaintiff, request a new trial, and dismiss criminal charges. And the
complaint shows little effort to present any manner of factual
development identifying any particularized acts or omissions that would
result in liability in Attorney General Nessel's *individual* capacity.

Therefore, in the absence of any allegations stating a viable cause
of action, giving notice of the nature of the claims, or establishing

subject matter jurisdiction, Plaintiff has failed to state a claim against Attorney General Nessel and the complaint against her must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendant Attorney General Dana Nessel respectfully request that this Honorable Court enter an order dismissing Plaintiff's amended complaint against her in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6), in addition to any other relief this court deems just and equitable under the circumstances, including an award for costs and fees incurred in defense of this groundless action.

Respectfully submitted,

*s/Bryan W. Beach*
Bryan W. Beach (P69681)
Kimberly K. Pendrick (P60348)
Assistant Attorney General
Attorney for Defendant Nessel
P.O. Box 30736
Lansing, MI 48909
517.335.7659
beachb@michigan.gov

Dated: September 2, 2022

21

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Bryan W. Beach*
Bryan W. Beach (P69681)
Assistant Attorney General
